IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

IN RE:                                          )
MEDex Regional Laboratories, LLC,               )
                                                )
                    Debtor.                     )
_____                 )
                                                )
CHARLES MCRAE SHARPE, TRUSTEE,                  )
                                                )
                    Plaintiff/Appellee,         )
                                                )
v.                                              )        No. 3:04-cv-438
                                                )
PERSHING, YOAKLEY & ASSOCIATES,                 )
P.C.,                                           )
                                                )
                    Defendant/Appellant.        )

## MEMORANDUM OPINION

     This adversary proceeding is on appeal from the United States Bankruptcy

Court for the Eastern District of Tennessee.[1]  Defendant/appellant Pershing, Yoakley &

Associates, P.C. ("Pershing Yoakley") appeals the bankruptcy court's orders: (1) allowing

plaintiff/appellee Charles McRae Sharpe's ("the Trustee") voluntary dismissal without

prejudice; and (2) denying Pershing Yoakley's motion for summary judgment.  For the

reasons that follow, each of these rulings will be vacated and this adversary proceeding will

_____

[1] The bankruptcy court accurately described this litigation as "extremely contentious . . . with
numerous objections and motions filed by the parties." [B.R. 86].

be remanded to the bankruptcy court for further action consistent with this opinion.

## I.

*Background*

Then-debtor in possession MEDex Regional Laboratories, LLC ("MEDex") initiated this adversary proceeding by the filing of its December 23, 2003 complaint.[2] MEDex previously contracted for Pershing Yoakley to assist in recruiting and evaluating applicants for MEDex's Chief Financial Officer / Controller position, resulting in the hiring of Mike Ladd. According to the complaint, Pershing Yoakley breached the parties' agreement by failing to investigate Ladd's criminal and licensing backgrounds. Due to Ladd's alleged subsequent malfeasances, MEDex now seeks to recover several million dollars in damages.

On March 8, 2004, the bankruptcy court entered a scheduling order. [B.R. 11].[3] Therein, the bankruptcy court directed that "Disclosure of any expert testimony in accordance with Fed. R. Civ. P. 26(a)(2) shall be made by the Plaintiff on or before April 23, 2004[.]" On April 6, 2004, MEDex moved to modify the scheduling order, requesting, *inter alia*, extension of its expert disclosure deadline to May 21, 2004. [B.R. 16]. On May 21, 2004, the bankruptcy court "granted" MEDex's motion, but did not extend the expert deadline. [B.R. 32]. The order does not explain this omission, but the likely reason is that, in the

---

[2] In March 2004, the Trustee was appointed in MEDex's Chapter 11 case. Pursuant to Fed. R. Bankr. P. 2012(a), he automatically replaced MEDex as the plaintiff in this adversary proceeding.

[3] A citation to "B.R." followed by a number or numbers refers to the record on appeal.

2

Trustee's own words, "[t]he plaintiff has taken the position in this case that he does not intend to call an expert to testify at the trial." [B.R. 98, p. 8]. In fact, at a May 20, 2004 hearing before the bankruptcy judge, the following exchange occurred:

| | |
|---|---|
| The Court: | Have you made the expert disclosures? |
| Trustee's Counsel: | We don't have an expert in this case, Your Honor. |
| The Court: | I'm sorry? |
| Trustee's Counsel: | We won't have an expert in this case. |

[B.R. 56, p. 7-8].

Following an apparent change of heart, the Trustee on June 25, 2004, filed a "Motion for Pretrial Ruling as to Evidentiary Character of the Testimony of Richard F. Ray on the Issue of Damages Under Fed. R. Evid. 701 *and for Modification of the Scheduling Order to Identify Richard F. Ray as an Expert* Pursuant to Fed. R. Civ. P. 26(a)(2)(A)." [B.R. 47] (emphasis added). On June 29, 2004, the Trustee moved to continue the trial date in order to clarify damages. [B.R. 49]. On July 2, 2004, Pershing Yoakley filed its motion for summary judgment "on the grounds that, as a matter of law, it did not breach its agreement with MEDex[.]" [B.R. 52].

By memorandum and order dated July 12, 2004, both of the Trustee's pending motions were denied. [B.R. 56, 57]. As to the motion to modify the scheduling order, the bankruptcy court stated in part:

3

[G]ood cause does not exist to modify the Scheduling Order to designate Mr. Ray as an expert. The two primary factors in assessing "good cause" under Rule 16(b) are (1) the diligence of the moving party to meet the scheduling order requirements and (2) whether the opposing party will suffer any prejudice by allowing the modification. . . . "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Dilmar Oil Co.* [sic] *v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997).

The deadline for the Plaintiff to disclose experts was April 23, 2004. The Plaintiff did not make any such disclosures, and in fact, repeatedly represented to both the court and the Defendant that he was not going to call any expert witnesses in this case. The Plaintiff has known both prior to and following the April 23, 2004 deadline that he intended to call Mr. Ray as a witness regarding the issue of damages; i.e., he has had ample opportunity to classify Mr. Ray as an expert. Instead, the Plaintiff adamantly insisted that he was not going to call any expert witnesses, even as recently as June 17, 2004, only eight days before he filed the Motion for Expert Designation. These events do not satisfy the diligence requirement of Rule 16's "good cause" standard.

Moreover, the court believes that the Defendant would likely be prejudiced if the Motion for Expert Designation was granted. . . .

[B.R. 56, p. 13-14]. As to the motion to continue trial (scheduled to begin on September 20, 2004), the bankruptcy court explained that:

. . . the Plaintiff must prove diligence and lack of prejudice to the Defendant. In the court's opinion, the reasons stated by the Plaintiff for requesting the continuance do not rise to the requisite standard.

First, the following time-line evidences that the Plaintiff has not been particularly diligent. . . .

. . .

4

Furthermore, the court believes that the Defendant could be prejudiced if the Motion for Continuance is granted. . . . The fact that the Plaintiff now states that he will not be ready cannot be held against the Defendant, and the court will not require the Defendant to put on hold its defense of this adversary proceeding. . . . The Plaintiff has had ample opportunity to better ascertain and clarify the damages to be sought against the Defendant in this adversary proceeding. "Good cause" does not exist to modify the Scheduling Order to set another trial date, and the Motion for Continuance shall be denied.

[B.R. 56, p. 16-18].

Despite this setback, on July 28, 2004, the Trustee and his litigation counsel jointly filed a "Renewed Motion by the Plaintiff to Continue Trial Date and Modify the Scheduling Order or, in the Alternative, for a Voluntary Dismissal Without Prejudice Under Fed. R. Civ. P. 41(b) [sic], and Motion by Keith L. Edmiston, Dean B. Farmer, and Hodges, Doughty & Carson, PLLC to Withdraw as Counsel." [B.R. 63].[4] The motion stated that attorney Fitzpatrick "met with [attorneys Edmiston and Farmer] and advised [Edmiston and Farmer] that the Trustee alleges, as a result of this Court's opinion of July 12, 2004, that [Edmiston and Farmer's] failure to designate an outside expert on the issue of damages constitutes legal malpractice[.]" The motion suggested that a non-waivable conflict of interest had thus arisen mandating Edmiston and Farmer's withdrawal. The motion further suggested that supporting opinions would be forthcoming from ethics specialists. The record does not indicate, however, that any such opinions were ever filed, or that the Trustee ever

---

[4] Attorneys Edmiston and Farmer, from the law firm of Hodges, Doughty & Carson, were the Trustee's counsel in the adversary proceeding and continue to represent the Trustee on appeal. The record indicates that attorney Michael H. Fitzpatrick is employed by the Trustee for matters outside of the adversary proceeding.

moved to terminate Edmiston and Farmer.

Pershing Yoakley vigorously opposed the renewed motion, arguing in part by its response filed August 6, 2004, that:

> Once again, the Trustee seeks to avoid the trial date. . . . The one person who knows whether he has consented to continued representation – the Trustee – has not revealed his position on this critical point, even though he is the party seeking extraordinary relief. This Renewed Motion, based on an alleged conflict, is an eleventh-hour gambit to seek relief from the legal reverses the Trustee has suffered in this litigation. . . .

> . . . Moreover, the Trustee has no right to dismiss under Rule 41(a)(2) in the face of a pending motion for summary judgment, at the close of discovery, and on the eve of trial, and he has made not even a facial attempt to satisfy the test for a voluntary dismissal under the strict standards articulated by the Sixth Circuit.

> . . .

> The claim of a "conflict of interest" is unsupported, unexplained, and provides no basis for the extreme relief sought by the Trustee.

[B.R. 75, p. 1-2, 5]. That same day, Pershing Yoakley's summary judgment motion was denied without explanation. [B.R. 74].

By order dated August 19, 2004, (accompanied by a memorandum opinion dictated from the bench), the bankruptcy court granted the Trustee's renewed motion "to the extent of the requested alternative relief of voluntary dismissal[.]" [B.R. 85]. The adversary proceeding was dismissed without prejudice. The bankruptcy court further ordered that "as a 'term and condition' of dismissal, the Defendant shall recover its costs in defending this action, excluding attorneys' fees, from the Plaintiff's attorneys, Hodges, Doughty & Carson,

6

PLLC."

The present appeal followed. [B.R. 87]. Pershing Yoakley designates the following issues for review:

1.   Whether the Bankruptcy Court erred under Rule 41(a)(2) by dismissing this adversary proceeding upon the terms and conditions set forth in its Order of August 19, 2004; and

2.   Whether the Bankruptcy Court erred under Rule 56 by denying [Pershing Yoakley's] Motion for Summary Judgment through its August 6, 2004 Order, which neither identified any factual dispute nor explained why [Pershing Yoakley] was not entitled to judgment as a matter of law.

[B.R. 88].

## II.

### *Jurisdiction*

As an initial matter, the court must address its jurisdiction to hear the present appeal.  Based on *Libbey-Owens-Ford Co. v. Blue Cross & Blue Shield Mutual of Ohio*, 982 F.2d 1031 (6th Cir. 1993), the Trustee argues that the bankruptcy court's dismissal order may not be appealed.  He further contends that because the dismissal is not an appealable final order then the bankruptcy court's denial of summary judgment remains interlocutory and similarly unreviewable.

The Trustee misapprehends Sixth Circuit precedent.  *Libbey-Owens* comments that "[a]s a general rule, neither party may appeal from a voluntary dismissal because it is not an involuntary adverse judgment."  *Id*. at 1034.  In support of this statement, the *Libbey-Owens* court cites *Laczay v. Ross Adhesives*, 855 F.2d 351 (6th Cir. 1988).  *Laczay* is quoted

7

for the proposition that "this 'rule is ironclad . . . with respect to dismissal without prejudice,'" *Libbey-Owens*, 982 F.2d at 1034, seemingly foreclosing this court's present jurisdiction.

A closer reading of *Laczay*, however, clarifies the "ironclad" rule referred to in *Libbey-Owens*. *Laczay* involved an "appeal from a *stipulated* judgment dismissing an action." *Laczay*, 855 F.2d at 351 (emphasis added). The *Laczay* panel noted the "general rule [that] neither party may appeal from an *agreed* judgment *because it is not an involuntary adverse judgment*." *Id*. (emphasis added). The "ironclad" rule of *Laczay* is thus that a party may generally not appeal from an order to which he consented. *Id*. at 353-54 ("[T]he general rule [is] that one who voluntarily dismisses his or her complaint has no right of appeal . . . [and] ordinarily a party who consents to entry of a judgment has no right of appeal[.]").

Subsequent to *Libbey-Owens* and *Laczay*, the Sixth Circuit was presented with a case far more akin to the present appeal. In *Grover v. Eli Lilly & Co.*, 33 F.3d 716 (6th Cir. 1994), the plaintiffs asked the district court to dismiss their case without prejudice. The defendant *opposed* the motion by filing "a motion to dismiss *with* prejudice or, in the alternative, a ruling on its [previously filed] summary judgment motion." *Id*. at 717 (emphasis added). After the district court granted the plaintiffs' sought-after relief, the defendant appealed.

8

The Sixth Circuit accepted and adjudicated Eli Lilly's appeal of the adverse ruling. The *Grover* panel set forth both the standard of review and the pertinent factors to consider before concluding that "the district court abused its discretion by granting the voluntary dismissal without prejudice[.]" *Id*. at 718. The voluntary dismissal order was reversed and the case was remanded to the district court. *Id*. at 719.

In light of *Grover*, this court concludes that it has jurisdiction over Pershing Yoakley's appeal of the order allowing voluntary dismissal without prejudice. Like the *Grover* defendant, Pershing Yoakley appeals an adverse final judgment which it opposed in the court below. This matter accordingly is not governed by the "ironclad" rule of *Libbey-Owens* and *Laczay* limiting appeals of "agreed" and "stipulated" final orders.

As for the court's jurisdiction over Pershing Yoakley's summary judgment appeal, that issue "arises in an unusual procedural posture." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick & GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).

> Ordinarily, a defendant who attempts to appeal a denial of summary judgment is either (1) barred from appealing the denial before a final judgment is entered because the denial is a non-appealable interlocutory order, (2) allowed to appeal the interlocutory denial because it presents an appealable collateral order under 28 U.S.C. § 1291, or (3) barred from appealing the denial because a full trial on the merits has occurred prior to the appeal[.]

*Id*. (internal citations omitted). However, in the "unusual" instance where a final judgment was incorrectly ordered prior to a full trial on the merits, "all prior interlocutory orders and rulings" generally become reviewable. *Id*. at 992-93. This court will therefore have jurisdiction over the denial of summary judgment *if* the court concludes that the final order

allowing voluntary dismissal should not stand. *Id.* at 993.

## III.

### *Standards of Review*

A dismissal under Rule 41(a)(2) is reviewed for abuse of discretion. *Grover*, 33 F.3d at 718. A denial of summary judgment, if based on purely legal grounds, is reviewed *de novo*. *Hedrick v. W. Reserve Care Sys.*, 355 F.3d 444, 452 (6th Cir. 2004). If a denial of summary judgment is instead based on a finding of a genuine issue of material fact, review is for abuse of discretion. *Id.*

## IV.

### *Analysis*

### A. <u>Voluntary Dismissal</u>

As indicated by its caption, the "Renewed Motion by the Plaintiff to Continue Trial Date and Modify the Scheduling Order or, in the Alternative, for a Voluntary Dismissal Without Prejudice Under Fed. R. Civ. P. 41(b) [sic], and Motion by Keith L. Edmiston, Dean B. Farmer, and Hodges, Doughty & Carson, PLLC to Withdraw as Counsel" sought alternate avenues of relief. The bankruptcy court "decided to focus solely on the Plaintiff's request for a voluntary dismissal[.]" [B.R. 86]. In so doing, however, it does not appear from the record that the bankruptcy court weighed the necessary factors pertaining to voluntary dismissals as set forth by the Sixth Circuit. *See Grover*, 33 F.3d at 718. This court's review leads to the conclusion that each of those factors weighs in Pershing Yoakley's favor.

10

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides in part that, after the opposing party has served either an answer or a summary judgment motion, the action "shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." The *Grover* panel instructed that:

> Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the . . . court. The primary purpose of the rule in interposing the requirement of court approval is to protect the nonmovant from unfair treatment. Generally, an abuse of discretion is found only where the defendant would suffer plain legal prejudice as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit.
>
> In determining whether a defendant will suffer plain legal prejudice, a court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant.

*Grover*, 33 F.3d at 718 (internal citations and quotations omitted).

The bankruptcy court stated its rationale for granting the voluntary dismissal as follows:

> Here, Mr. Sharpe was appointed Chapter 11 Trustee several months after the bankruptcy case and this adversary proceeding were filed. As might be expected, he retained the Debtor's counsel, who had familiarity with the lawsuit, to proceed in his behalf. At the point of his substitution as Plaintiff on May 21, 2004, the Scheduling Order had been in place for almost three months, the Plaintiff's April 23, 2004 expert disclosure deadline had already expired, and the other amended discovery deadlines, pursuant to the May 21, 2004 Order, were approaching. Under these circumstances, it is difficult to hold Mr. Sharpe accountable for actions that had taken place prior to his involvement in the adversary proceeding.

11

[B.R. 86, p. 13].  In other words, voluntary dismissal was granted in order to save the Trustee from the potential consequences of his counsel's alleged shortcomings.  In this court's view, however, thorough consideration of all *Grover* factors mandates the opposite result.

As noted, a Rule 41(a)(2) analysis must focus whether "plain legal prejudice" would be suffered by the *defendant*.  *Grover*, 33 F.3d at 718.  In its opinion on the Trustee's first motion for a continuance, the bankruptcy court cited potential prejudice to Pershing Yoakley as a reason for denying the motion. [B.R. 56, p. 17-18].  Specifically cited was Pershing Yoakley's effort in preparing for trial - the first *Grover* factor.

That opinion also discusses at length the Trustee's lack of diligence in prosecuting the action, [B.R. 56, p. 13-18], an observation shared by this court.  Although no order was entered substituting the Trustee as plaintiff until after the expert disclosure deadline had expired, the Trustee was in fact "substituted automatically" as plaintiff approximately one month prior to the deadline pursuant to Fed. R. Bankr. P. 2012(a).[5]  Similarly, although the record indicates that the Trustee's motion to hire Edmiston and Farmer was not ruled upon until after the expert disclosure deadline had passed, the Trustee's motion was filed - and thus his choice to retain MEDex's litigation counsel was made - prior to the expert deadline.  This court therefore cannot agree that the facts of this case warrant absolving the Trustee of his attorneys' lack of diligence.  *See Pioneer Inv. Servs. Co. v.*

_____

[5]  *See also* Fed. R. Bankr. P. 6009 ("With or without court approval, the trustee . . . may prosecute . . . any pending . . . proceeding by or against the debtor[.]"); Fed. R. Bankr. P. 7025 (Fed. R. Civ. P. 25, requiring a motion for substitution in some instances, only applies in adversary proceedings "[s]ubject to the provisions of Rule 2012.").

*Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396-97, 113 S. Ct. 1489, 1499, 123 L. Ed. 2d 74 (1993).

As for the next *Grover* consideration - sufficiency of the explanation for the need to take a dismissal - the Trustee's renewed motion followed three general themes. Two of the arguments (the desires to present an expert witness and obtain more time to prepare for trial) were sufficiently discounted by the bankruptcy court's opinion denying the first motion for a continuance. [B.R. 56, p. 13, 18 ("'Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.' . . . The fact that the Plaintiff now states that he will not be ready cannot be held against the Defendant, and the court will not require the Defendant to put on hold its defense of this adversary proceeding.")]. The third reason cited by the Trustee (counsel's purported conflict of interest) is also an "insufficient explanation for the need to take a dismissal[.]" *Grover*, 33 F.3d at 718. In addition to the absence of documentation and the lack of a motion to terminate employment filed by the Trustee, the veracity of the "conflict" claim is called in to question (admittedly through the benefit of hindsight) by the fact that attorneys Edmiston and Farmer *continue to represent the Trustee on appeal*. Should a conflict in fact exist, the better course of action would be to permit the attorneys' withdrawal or termination.

The final *Grover* factor - whether Pershing Yoakley had filed a summary judgment motion - also weighs against allowing voluntary dismissal. Pershing Yoakley did file a motion for summary judgment. Although that motion was no longer pending as of the

date voluntary dismissal was granted, as will be explained below the denial of that motion must be returned to the bankruptcy court for reconsideration.

This court is aware that the decision below should be upheld absent an abuse of discretion. However, all *Grover* factors weigh in favor of finding "plain legal prejudice" to Pershing Yoakley. The prospect of defending a second adversary proceeding against a "clean slate" free of the procedural triumphs already won due to the Trustee's litigation strategies and/or lack of diligence extends beyond "the mere prospect of a second lawsuit." The order granting voluntary dismissal must accordingly be reversed.

## B. <u>Denial of Summary Judgment</u>

Pershing Yoakley filed its summary judgment motion [B.R. 52] on July 2, 2004. The bankruptcy court denied the motion on August 6, 2004. The reason for denial was summarily stated in its entirety as follows:

> Upon consideration of the Defendant's Motion for Summary Judgment filed by the Defendant on July 2, 2004, the Response in Opposition to Defendant's Motion for Summary Judgment filed by the Plaintiff on August 2, 2004, and the supporting affidavits and exhibits filed by the respective parties, the court finds that there are genuine issues as to material facts and that the Defendant is therefore not entitled to a judgment as a matter of law. The Defendant's Motion for Summary Judgment is therefore DENIED.

[B.R. 74].

Rule 52(a) of the Federal Rules of Civil Procedure, as incorporated by Fed. R. Bankr. P. 7052, does not require formal findings of fact and conclusions of law in support of a summary judgment ruling. Such rulings should, however, be accompanied by *some*

explanation and analysis. A reviewing court may set aside a denial of summary judgment where the order below "is opaque and unilluminating as to either the relevant facts or the law with respect to the merits of [the] claim." *Carter v. Stanton*, 405 U.S. 669, 671, 92 S. Ct. 1232, 1234, 31 L. Ed. 2d 569 (1972).

Absent "a fuller explication of the relevant law and its relation to the facts here, [this court] cannot affirm the [denial] of summary judgment[.]" *Granite Auto Leasing Corp. v. Carter Mfg. Co.*, 546 F.2d 654, 656 (5th Cir. 1977). It would be a burden to this court to examine the present summary judgment record without illumination from the court below. *See United States v. Cont'l Oil Co.*, 377 U.S. 161, 162, 84 S. Ct. 1155, 1156, 12 L. Ed. 2d 213 (1964) (Harlan, J., concurring and dissenting). The bankruptcy court's denial of summary judgment [B.R. 74] must accordingly be vacated and remanded for reconsideration and/or clarification.

An order consistent with this opinion will be entered.

ENTER:

_____ s/ Leon Jordan _____
United States District Judge